# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JASON HATHCOCK                                                                                                            PLAINTIFF

v.                                       Case No. 3:13-cv-00230 KGB

BNSF RAILWAY COMPANY                                                            DEFENDANT

## AMENDED ORDER

The Court amends its earlier Order of April 24, 2014, denying BNSF's motion to transfer, by directing the Clerk of Court to transfer this case immediately to the Western District of Missouri, Southern Division.

Before the Court is defendant BNSF Railway's ("BNSF's") motion to transfer venue (Dkt. No. 9) to which plaintiff Jason Hathcock responded in opposition (Dkt. No. 11). This case is currently set for trial in the Jonesboro Division of the Eastern District of Arkansas, and defendant moves to transfer the trial to the Southern Division of the Western District of Missouri. Under 28 U.S.C. § 1404(a), this Court may, "[f]or the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought . . . ."

"Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The purpose of transfer under § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (quotations omitted). "Section 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient." *Id.* at 645–46. "Section 1404(a) is intended to place discretion in

the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In determining whether venue is proper, the Court does not ask "which district among two or more potential forums is the best venue," but rather the Court asks "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (quotations omitted). Stated differently, the Court focuses on the events or omissions in *this* district, not on the events or omissions in some other district.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695. However, a plaintiff's choice of forum is due less deference when the plaintiff does not reside there or when the transaction or underlying facts did not occur there. *See, e.g.*, *Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999); *Abbott v. Schneider Nat'l Carriers, Inc.*, 2008 WL 4279590 at *3 (E.D. Mo. Sept. 12, 2008).

Concerning the convenience of the parties, it is not clear to the Court why Mr. Hathcock chose to file this case in the Eastern District of Arkansas, except that he has hired counsel in this state licensed to practice here. Mr. Hathcock does not live in Arkansas, and none of the alleged events occurred in Arkansas. Mr. Hathcock's attorneys may petition courts outside of Arkansas for admission *pro hac vice* to practice in those courts. BNSF argues that the Western District of Missouri is a more convenient forum because it expects many of its witnesses will be employees and its employee contracts require it to reimburse its employees for lost wages, transportation

expenses, and food and lodging for the purpose of attending and testifying at trial. BNSF argues that because it has a passenger service line that runs to Springfield, Missouri, and no passenger rail service to transport these potential fact witnesses to Jonesboro, Arkansas, the Southern Division for the Western District of Missouri is more convenient for BNSF. To evaluate convenience, the Court considers the location of each courthouse and the travel expenses that would be incurred for party "airfare, meals and lodging, and losses in productivity from time spent away from work." *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010). The Court finds that the convenience of the parties favors BNSF and its transfer request.

Concerning the convenience of the witnesses, BNSF has made the point that only two of its ten potential fact witnesses are located closer to Springfield, Missouri, than to Jonesboro, Arkansas. Mr. Hathcock responds that BNSF's assertions of the relevance of the witnesses are conclusory, vague, and do not state the importance of any of the witnesses or whether they are necessary. "The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer will be denied." *Peacock v. Pace Int'l Union Pension Fund Plan*, 2007 WL 4403689, *10 (M.D. Tenn. Aug. 23, 2007) (quoting *Bacik v. Peek*, 888 F.Supp. 1405, 1415 (N.D. Ohio 1993)). The Court finds that BNSF has met this burden and that the convenience of the witnesses favors BNSF and its transfer request.

Turning to the interests of justice, "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts." *Thornton Drilling Co. v. Stephens Production Co.*, 2006 WL 2583659, *4 (E.D. Ark.

Sept. 6, 2006) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3854, p. 289 (Supp. 2006)). As in *Thornton Drilling Co.*, in the present action "[t]here are no allegations or contentions that any matters relevant to the resolution of the present dispute occurred in the Eastern District of Arkansas. Rather, it appears that the Eastern District of Arkansas' only connection to the underlying dispute is that [plaintiff] has elected to bring suit here." *Thornton Drilling Co.*, 2006 WL 2583659 at *4. BNSF notes that, with the exception of the allegation about BNSF doing business in Arkansas, the complaint makes no mention of any connection between this action and this venue. Conversely, the operative facts underlying Mr. Hathcock's claims occurred in or near West Plains, Missouri, in the Southern Division of the Western District of Missouri. This Court agrees with BNSF and finds that the interests of justice factor weighs in favor of BNSF and its transfer request.

Considered together, the Court finds BNSF has met its burden of proving the convenience of the parties, the convenience of the witnesses, and the interests of justice support having this case heard in the Western District of Missouri, Southern Division over the Eastern District of Arkansas, Jonesboro Division. Accordingly, BNSF's motion to transfer venue is granted (Dkt. No. 9). The Clerk of Court is ordered to transfer this case immediately to the Western District of Missouri, Southern Division.

SO ORDERED this 24th day of April, 2014.

*/s/ Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE